**OSTEEN v. BRENNAN.**

(District Court, S. D. Florida.    June 10, 1925.)

No. 1947.

1. Admiralty ⊚═══20—What no defense to suit for injury to employee stated.

It is no defense to a suit in admiralty for injury to an employee while engaged in making repairs to the boilers of a vessel that defendant was engaged in other than maritime work, or that the vessel was at the time incapable of operation because of the dismantling of the boilers.

2. Admiralty ⊚═══59—Pleadings not tested by strict rules of the common law.

Pleadings in admiralty are not to be tested by the strict rules of the common law.

In Admiralty.   Suit by Stephen Osteen against William G. Brennan.   On general and special exceptions to answer.   Sustained in part.

A. H. & Roswell King, of Jacksonville, Fla., for libelant.

Philip S. May, of Jacksonville, Fla., for respondent.

CALL, District Judge. This cause comes on for a hearing upon special exceptions to portions of paragraphs II and III of the answer and general exceptions to the answer as a whole. The amended libel charges that the libelant was employed by the respondent as a boiler maker in making repairs to the boilers of a certain steamship at anchor in the St. Johns river, and bases his right to recover on the failure of the respondent to furnish a reasonably safe place to work, in that respondent negligently permitted a hole to be and remain in the floor of the engine room, through which libelant fell and was injured.

[1] There are a number of special exceptions filed to portions of the answer, as well as a general exception to the entire answer. Special exception is taken to certain language in paragraph II, to the effect that the business of respondent was not solely confined to maritime work. I cannot see where this fact presents any defense to the cause of action here propounded. He admits he was engaged in the maritime repairs upon which the libelant was engaged as his employee at the time of the injury. And the same may be said of the portion of the language excepted to in paragraph III, to the effect that the boilers were dismantled, and therefore the vessel could not be operated. The same could be said of almost every vessel undergoing repairs, but this in my opinion would not have the effect of ousting a court of admiralty for injuries resulting to employees through the negligence of the employer, while engaged in making such repairs. I am therefore of opinion that special exceptions to the language in paragraphs II and III above pointed out are well taken, and each of them will be sustained, and such portions stricken.

[2] As to the other special exceptions to portions of paragraph III, it seems to me that facts produced in testimony tending to sustain such allegations are material to the decision of the question whether the respondent furnished a reasonably safe place to the libelant to work, as well as bearing upon the question of contributory negligence vel non of the libelant, and whether the injury was caused by the negligence of a fellow workman. It is true the language used is very general, but the pleadings in admiralty are not to be tested by the strict rules of the common law.

The remainder of the special exceptions to paragraph III and the general exceptions to the answer as a whole will be overruled.

It will be so ordered.